OPINION
Appellant-father, Charles Tuttle, appeals the decision of the Delaware County Court of Common Pleas, Juvenile Division, which found his five children dependent and found his daughter an abused child. The relevant facts leading to this appeal are as follows.
Appellant is the father of Antonio, Allesandro, Dominic, Giovanni, and Gabriella Rossantelli. Virginia Tuttle is appellant's wife and the mother of the five children, who carry the last name of the biological family of appellant, who was adopted as a child. On Sunday morning, September 9, 2001, some of the Tuttle household planned to attend church services. Virginia testified that she noticed Gabriella, then age three, was not with the other four children, so she proceeded upstairs, where the shower was running. She thereupon saw, through the shower glass door, appellant and Gabriella standing next to each other in the shower. After waiting for a short period, Virginia wrapped Gabriella with a towel and took her downstairs. While she dried Gabriella with the towel, she noticed that the child's vaginal area was red and swollen, a condition that had not been observed earlier in the morning when she changed Gabriella's diaper. Virginia then took Gabriella upstairs to her room. At the adjudication, Virginia testified over objection that Gabriella thereupon told her "my daddy did this to me."
Virginia nonetheless dressed Gabriella and allowed her to go to church with one of her brothers and appellant. After they returned, Virginia put all the children in her car, and took the other four to her mother's house and proceeded to take Gabriella to Children's Hospital for an examination. A hospital social worker later testified, also over appellant's objection, that Gabriella demonstrated what had happened by placing her finger in her vagina, and that Gabriella again stated that her father had done this.
On September 13, 2001, the Delaware County Department of Job and Family Services filed a complaint in the trial court alleging that all five children were dependent, and that Gabriella was an abused child. Appellant entered a denial, and adjudication of the complaint was set for December 10, 2001. Witnesses called included Virginia, Dr. Harris from Children's Hospital, a sheriff's department detective, the ongoing caseworker, and appellant. Additionally, DCDJFS entered into evidence several pictures seized from appellant's computer, which were digital photos taken by appellant of nude and partially nude children changing into swimwear at a beach.
The trial court found Gabriella to be in abused child as a result of the sexual contact which occurred on September 9, 2001, and also found the remaining children were dependent, pursuant to R.C. 2151.04 (D) and 2151.04 (C). A judgment entry was issued on December 12, 2001, and included the disposition of placing the five children with Virginia, subject to the protective supervision of the trial court.
Appellant timely appealed and herein raises the following three Assignments of Error:
 I. THE ADJUDICATION OF THE JUVENILE COURT, IN ITS FINDINGS OF ABUSE AND DEPENDENCY, IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND/OR IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT IMPROPERLY ADMITTED HEARSAY EVIDENCE OF THE APPELLANT'S WIFE CONCERNING ALLEGED STATEMENTS BY THE PARTIES' DAUGHTER.
 III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT THE APPELLANT A CONTINUANCE IN ORDER TO ALLOW HIM TO PROPERLY SUBPOENA WITNESSES ON HIS BEHALF AND TO OTHERWISE FULLY PREPARE FOR THE ADJUDICATION HEARING.
 I
In his First Assignment of Error, appellant argues that the adjudication of the trial court is not supported by the evidence. We disagree.
Pursuant to R.C. 2151.35(A), a trial court must find that a child is an abused, neglected, or dependent child by clear and convincing evidence.In re Kasper Children, (June 30, 2000), Stark App. No. 1999CA00216, unreported. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 281. The relevant statute, R.C. 2151.031, includes in the definition of "abused child" any child who: "(A) Is the victim of "sexual activity" as defined under Chapter 2907. of the Revised Code, where such activity would constitute an offense under that chapter, except that the court need not find that any person has been convicted of the offense in order to find that the child is an abused child."
In addition to his arguments regarding hearsay evidence, as further analyzed infra, appellant essentially challenges the level of medical evidence, the absence of testimony by the hospital social worker, and the credibility and bias of Virginia, the mother. Turning to the record, we note the testimony of Dr. Angela Harris, who indicated she had received training in performing sexual assault examinations. Tr. at 111. Her examination of Gabriella's genitalia revealed redness in the internal labia which "was more than I expect, normally." Tr. at 117-118. Although she did not observe any lacerations or hymen tears, she opined that touching or vaginal penetration with a finger would not necessarily result in such indicia. Tr. at 118. In regard to the testimony of Virginia, appellant contends that she had been contemplating divorce, and that her decision to allow Gabriella to accompany appellant to church, and subsequent actions that day, strongly suggest a contrivance on her part. However, we reiterate that in proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important. Thompson v. Thompson (1987), 31 Ohio App.3d 254,258, citing Trickey v. Trickey (1952), 158 Ohio St. 9, 13. The trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See State v. DeHass (1967), 10 Ohio St.2d 230.
Upon full review of the evidence, we find that the record presents sufficient competent, credible evidence supporting the trial court's abuse and dependency findings.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the trial court improperly allowed into evidence alleged hearsay statements made by Gabriella. We disagree.
Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). The admission or exclusion of evidence rests in the sound discretion of the trial court. State v.Sage (1987), 31 Ohio St.3d 173, 180. As a general rule, all relevant evidence is admissible. Evid.R. 402; cf. Evid.R. 802. Our task is to look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing the disputed evidence. See State v. Oman
(Feb. 14, 2000), Stark App. No. 1999CA00027, unreported.
Two out-of-court statements made by Gabriella are at issue, which we will address in turn.[1] The first occurred after the mother had dried Gabriella with a towel, at which time the child purportedly placed her own finger in her vagina, and while starting to cry, stated "my daddy did this to me." The trial court's reliance on Taylor, infra, in ruling at that time indicated that it believed the "excited utterance" exception, per Evid.R. 803(2), applied to the facts.
"To be admissible under Evid.R. 803(2) as an excited utterance, a statement must concern `some occurrence startling enough to produce a nervous excitement in the declarant,' which occurrence the declarant had an opportunity to observe, and must be made `before there had been time for such nervous excitement to lose a domination over his reflective faculties. * * *'" State v. Huertas (1990), 51 Ohio St.3d 22, 31, quoting Potter v. Baker (1955), 162 Ohio St. 488, paragraph two of the syllabus. The Ohio Supreme Court in State v. Duncan (1978),53 Ohio St.2d 215, reiterated its precedent that "* * * an appellate court should allow a wide discretion in the trial court to determine whether in fact a declarant was at the time of an offered statement still under the influence of an exciting event." Id. at 219. Certainly, "* * * as the time between the event and the statement increases, so does the reluctance to find the statement an excited utterance." Duncan, supra, at 219, quoting McCormick On Evidence (2 Ed. 1972) 706, Section 297. However, in State v. Taylor (1993), 66 Ohio St.3d 295, 303, the Ohio Supreme Court noted that "[t]here is no per se amount of time after which a statement can no longer be considered to be an excited utterance. The central requirements are that the statement must be made while the declarant is still under the stress of the event and the statement may not be a result of reflective thought."
Based on our review of the record, we find the trial court acted within its discretion in its implicit determination that Gabriella was still under the stress of the incident in the shower, pursuant to Evid.R. 803(2).
Turning to Gabriella's statement to the hospital social worker, we refer to the exception to the hearsay rule provided in Evid.R. 803(4):
 "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."
Evid.R. 803(4) does not require that the individual diagnosing or treating the declarant be a physician in order for the hearsay exception to apply. State v. Powell (Oct. 3, 2001), Summit App. No. 20067, unreported. "Indeed, statements made to a social worker are admissible pursuant to Rule 803(4) provided the surrounding circumstances are consistent with medical diagnosis or treatment." Id., quoting State v.Grooms (Aug. 19, 1998), Summit App. No. 18558, unreported, at 4. In the case sub judice, although some confusion was revealed in the record as to the identity of the hospital social worker, we are unpersuaded the trial court abused its discretion in allowing the disputed statement into evidence.
Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant argues that trial court abused its discretion by failing to grant him a continuance to further prepare for trial. We disagree.
The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
The record before us reveals that Attorney Keith Boger entered an appearance on behalf of appellant on September 26, 2001. On October 17, 2001, Boger was permitted to withdraw on the apparent grounds that the attorney-client relationship had severely deteriorated. One week later, Attorney Nick Mango was appointed to represent appellant. However, on November 29, 2001, Mango also asked the court for permission to withdraw, citing, inter alia, appellant's refusal to listen to advice concerning interaction with the parties to the action. This request was granted on November 30, 2001. Thereafter, the court appointed Attorney Ross Long on December 5, 2001. According to the colloquy prior to the evidentiary hearing on December 10, 2001, appellant filed three subpoenas on a pro se basis, failing to indicate thereon a date for his witnesses to appear. Appellant claimed that he had received information that the December 10th hearing had been postponed, hence the missing dates. Tr. at 11-13. The trial court, reviewing the sequence of events, replied that no staff member would have reason to think any postponement had occurred. Tr. at 12.
Upon review of the aforesaid, and in light of the statutory time constraints found in R.C. 2151.28, we are unpersuaded that the trial court abused its discretion in denying appellant a continuance.
Appellant's Third Assignment of Error is overruled.
For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Juvenile Division, Delaware County, Ohio, is affirmed.
By: WISE, J. FARMER, J., concurs. HOFFMAN, P.J., concurs in part and dissents in part.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Delaware County, Ohio, is affirmed.
Costs to Appellant.
[1] It does not appear that DCDJFS attempted to utilize Evid.R. 807 ("child statements in abuse cases") in offering Gabriella's statements, hence we will refrain from analyzing said rule.